IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03519-RM-MJW

J. LEE BROWNING BELIZE TRUST, by Judi B. Francis, Trustee,

Plaintiff,

v.

ASPEN MOUNTAIN CONDOMINIUM ASSOCIATION, INC., a Colorado corporation,
BARBARA J. KELLEY, Executive Director of the Colorado Department of Regulatory Agencies,
MARCIA WATERS, Director of the Colorado Division of Real Estate, and
JOHN HICKENLOOPER, Governor of the State of Colorado,

Defendants.

## ORDER ON
## STATE DEFENDANTS' MOTION TO STAY
### (Docket No. 51)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 7) issued by Judge Raymond P. Moore on January 3, 2014.

Now before the court is the State Defendants' Motion to Stay (Docket No. 51). The court has carefully considered the subject motion. In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. See String Cheese Incident, LLC v. Stylus Shows, Inc., 02–cv–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished).

2

Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(a).

Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254-255 (1936) (citing Kansas City S. Ry. Co. v. United States, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this court's discretion. Id.

A stay of all discovery is generally disfavored. Bustos v. United States, 257 F.R.D. 617, 623 (D. Colo. 2009). However, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2040, at 198 (3d ed. 2010). Thus, courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved. See, e.g., Siegert v. Gilley, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) (same). Similarly, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 692 (M.D. Fla. 2003). See

3

also <u>Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.</u>, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  See <u>String Cheese Incident</u>, 2006 WL 894955, at *2.

Here, the State Defendants seek to stay all discovery pending resolution of their Motion to Dismiss (Docket No. 49).  In their Motion to Dismiss, the State Defendants argue, among other things, that they are entitled to immunity pursuant to the Eleventh Amendment and the <u>Younger</u> abstention doctrine.

As to the first and second <u>String Cheese</u> factors, the court recognizes that plaintiff has an interest in proceeding expeditiously.  However, since plaintiff consents to the stay, it cannot be said that plaintiff will suffer any prejudice.  Furthermore, the court recognizes that there is certainly a burden on the State Defendants if a stay is not put in place.  Defendants (and plaintiff) would be forced to conduct discovery which may not otherwise be necessary.  Furthermore, the court notes that defendant Aspen Mountain Condominium Association, Inc. has also filed a Motion to Dismiss (Docket No. 34) and does not oppose the stay.

As to the remaining factors, the court finds that the convenience to the court, the interest of nonparties, and the public interest in general do not weigh heavily in either direction.

4

Accordingly, on balance, the court finds that a stay of discovery is appropriate in this case.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the State Defendants' Motion to Stay (Docket No. 51) is **GRANTED.**  This matter is **STAYED** pending ruling on the State Defendants' Motion to Dismiss (Docket No. 49).  It is

**FURTHER ORDERED** that the Scheduling Conference set for July 10, 2014 at 9:30 a.m. is **VACATED**.

Date:  July 7, 2014                     s/ Michael J. Watanabe
       Denver, Colorado                 Michael J. Watanabe
                                        United States Magistrate Judge