**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-03519-RM-MJW

J. LEE BROWNING BELIZE TRUST, BY JUDI B. FRANCIS, Trustee,

    Plaintiff,

v.

ASPEN MOUNTAIN CONDOMINIUM ASSOCIATION, INC., a Colorado Corporation;
BARBARA J. KELLEY, Executive Director of the Colorado Department of Regulatory Agencies;
MARCIA WATERS, Director of the Colorado Division of Real Estate; and
JOHN HICKENLOOPER, Governor of the State of Colorado,

    Defendants.

---

**ORDER ON STATE DEFENDANTS' MOTION TO DISMISS (ECF No. 49)**

---

THIS MATTER is before the Court on State Defendants' Motion To Dismiss ("the Motion") (ECF No. 49), seeking dismissal of Plaintiff J. Lee Browning Belize Trust's (the "Trust") Complaint[1] based on the arguments of lack of subject matter jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), respectively. The Trust did not respond to the Motion and the time to do so has expired. Upon consideration of the State Defendants'[2] Motion, the Court file, the applicable rules and case law, and being otherwise fully advised, the Motion is GRANTED for the reasons stated herein.

**I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**

The parties' dispute arises from Defendant Aspen Mountain Condominium Association, Inc.'s (the "Association") amendment of the Condominium Declaration ("Amended Declaration")

---

[1] The First Amended Complaint for Declaratory Judgment, Injunctive Relief and Damages (ECF No. 33).
[2] "State Defendants" are Barbara J. Kelley, Executive Director of the Colorado Department of Regulatory Agencies, Marcia Waters, Director of the Colorado Division of Real Estate, and John Hickenlooper, Governor of the State of Colorado, sued in their official capacities.

which covers the Aspen Mountain Condominiums, including condominium Unit 1-A now owned by the Trust. The Amended Declaration resulted in the reallocation of Unit 1-A's ownership interests in the Association's common elements and a corresponding increase in Unit 1-A's share of assessments for common element costs and overall administration expenses.

The Association contends its actions were required and allowed by, and consistent with, the Colorado Common Interest Ownership Action ("CCIOA") at C.R.S. § 38-33.3-217, as amended in 2006, and the Amended Declaration. As relevant to the Motion, the Trust alleges the State Defendants are "charged by state law with responsibility for administration and enforcement of CCIOA, as amended." (ECF No. 33, ¶ 12; *see also* ¶ 6.) In this action, the Trust challenges the constitutionality of the 2006 amendment to the CCIOA. Among other things, the Trust contends the increase of its share of assessments was made possible by the CCIOA, and the State Defendants are responsible for the taking of a valuable and vested property right, in violation of the due process and just compensation clause of the Fifth Amendment; the due process clause of the Fourteenth Amendment; and Article I, Section 10, of the Contract Clause of the United States Constitution. Invoking the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331,[3] the Trust brings claims for declaratory and injunctive relief against the State Defendants, in their official capacities.

## II. STANDARD OF REVIEW

The State Defendants move to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### A. Rule 12(b)(1)

A motion to dismiss based on Eleventh Amendment immunity is treated as a motion to

---

[3] The Trust also alleges jurisdiction under 28 U.S.C. § 1367, but it is unclear that any state law claim has been pled.

dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *Meyers v. Colo. Dep't of Human Servs.*, 62 F. App'x 831, 832 (10th Cir. 2003). A dismissal under Rule 12(b)(1) is not a judgment on the merits, but a determination that the Court lacks authority to adjudicate the matter. *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167-68 (10th Cir. 2012). The motion to dismiss may come in one of two forms. "First, a party may make a facial challenge to the plaintiff's allegations concerning subject matter jurisdiction, thereby questioning the sufficiency of the complaint. In addressing a facial attack, the district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quotation marks and citation omitted). In considering facial attacks, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1206 (quotation marks and citation omitted).

### III.   ANALYSIS

#### A.   Subject Matter Jurisdiction

The State Defendants move to dismiss based on Eleventh Amendment immunity and under the *Younger*[4] abstention doctrine. The Court may address jurisdictional issues in any order it finds convenient. *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1229 (10th Cir. 2004) (discussing *Younger* abstention);[5] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999) ("It

---

[4] *Younger v. Harris*, 401 U.S. 37 (1971).
[5] The Court recognizes the Tenth Circuit has indicated the suggestion that "*Younger* abstention is jurisdictional," *D.L. v. Unified School Dist. No. 497*, 392 F.3d at 1228, is not "precisely correct," as the "abstention doctrine is one under which a District Court may decline to exercise or postpone the exercise of its jurisdiction….This differs from a case in which the district court is barred at the outset from exercising its jurisdiction." *D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1230 n.8 (10th Cir. 2013) (quotation marks and citation omitted).

is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits."). Here, the State Defendants argue the Trust's claims are barred under the Eleventh Amendment because the State Defendants have no implementation or enforcement authority under the CCIOA, and the Trust's single conclusory allegation is insufficient to show otherwise. The Court agrees.

"States enjoy sovereign immunity from suit under the Eleventh Amendment," but this immunity "is not absolute." *Muscogee (Creek) Nation*, 669 F.3d at 1166. There are three exceptions, *id.*, of which only one is relevant. Specifically, under *Ex parte Young*, 209 U.S. 123 (1908), "a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Muscogee (Creek) Nation*, 669 F.3d at 1166. "However, in making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional,…such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Peterson*, 707 F.3d at 1205 (quotation marks, citation, and alteration omitted). That is, the "'state officials must have a particular duty to 'enforce' the statute in question and a demonstrated willingness to exercise that duty.'" *Id.* (quoting *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 828 (10th Cir. 2007)). Further, "when a state law explicitly empowers one set of officials to enforce its terms, a plaintiff cannot sue a different official absent some evidence that the defendant is connected to the enforcement of the challenged law." *Id.* at 1207.

In this case, the Trust alleges the State Defendants "have been sued in their official capacities as the governmental officers charged by state law with responsibility for administration

and enforcement of CCIOA, as amended." (Complaint, ¶ 12.) The Trust seeks to have this Court provide injunctive relief to enjoin the State Defendants "from any act in furtherance or implementation of the retroactive application of Section 217 of CCIOA, as amended," and from "purporting to sanction, approve, require, authorize or levy increased assessments based on unconsented-to increases without owner consent, as against condominium unit owners who previously enjoyed vested contractual and statutory protection from such assessments." (Complaint, ¶ 25 & page 12, ¶ 2.) The Trust's allegations as to the State Defendants' duty with respect to the CCIOA, however, are nothing more than bare legal conclusions and insufficient to fall within the *Ex parte Young* exception.

The Complaint is devoid of any supporting factual allegations that the State Defendants have a legal duty to administer or enforce the CCIOA, or of any reference to a provision in the CCIOA or anywhere else empowering them to do so. It is similarly lacking in allegations of any instances where any of the State Defendants enforced or administered the CCIOA, attempted to do so, or were otherwise involved in the Association's assessments or Amended Declaration. Instead, for example, as relevant to this case, an examination of the CCIOA, of which this Court may take judicial notice,[6] shows it is the association who may commence a legal proceeding or otherwise seek to enforce a requirement to pay assessments or money due to the association, *see* C.R.S. § 38-33.3-123(1)(a), and it is the association, any unit owner, or any class of unit owners who may seek to enforce compliance with provisions of the CCIOA, C.R.S. § 38-33.3-123(1)(b). Similarly, it is the association who has a statutory lien on a condominium unit for assessments levied or fines imposed against a unit or its owner, and who may seek to enforce that levy. C.R.S. § 38-33.3-316.

---

[6] *Peterson*, 707 F.3d at 1206.

The CCIOA does, however, require the association to register annually with the director of the division of real estate, and the association's failure to do so suspends its ability to impose or enforce a lien for assessments or employ an enforcement mechanism otherwise available. C.R.S. § 38-33.3-401. The director's "enforcement" power is limited to its ability to determine the validity or timeliness of registrations, which are subject to judicial review. *Id.* There is, however, no nexus between this authority and the Trust's challenges to the CCIOA provisions at issue; therefore, this "connection" is insufficient to bring Defendant Waters within the *Ex parte Young* exception. *See Peterson*, 707 F.3d at 1206 ("'Some connection'" with enforcement is insufficient as "*Ex parte Young* requires a nexus between the defendant and '*enforcement*' of the challenged statute.") (emphasis in original).

Based on the foregoing, the Court finds the Trust's claims against State Defendants are barred by the Eleventh Amendment. Therefore, the Court need not reach the merits of the State Defendants' other arguments. *See D.L. v. Unified School Dist. No. 49*7, 392 F.3d at 1229 ("[A] determination that the district court lack[s] jurisdiction over a claim moots any other challenge to the claim….").

## IV. CONCLUSION

Based on the foregoing, it is ORDERED

(1) That the State Defendants' Motion to Dismiss (ECF No. 49) is GRANTED under Fed. R. Civ. P. 12(b)(1) as stated herein and Defendants Barbara J. Kelley, Executive Director of the Colorado Department of Regulatory Agencies; Marcia Waters, Director of the Colorado Division of Real Estate; and John Hickenlooper, Governor of the State of Colorado, are hereby DISMISSED WITHOUT PREJUDICE;

(2) That the State Defendants' names shall be removed from the caption in all future filings with the Court; and

(3) That Clerk of the Court shall certify this matter to the Colorado Attorney General in accordance with the "Order Certifying Matter to the Colorado Attorney General" issued concurrently with this Order.

DATED this 9th day of September, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge