**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-03519-RM-MJW

J. LEE BROWNING BELIZE TRUST, BY JUDI B. FRANCIS, Trustee,

    Plaintiff,

v.

ASPEN MOUNTAIN CONDOMINIUM ASSOCIATION, INC., a Colorado Corporation,

    Defendant.

---

**ORDER ON
DEFENDANT ASPEN MOUNTAIN CONDOMINIUM ASSOCIATION, INC.'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6)
(ECF No. 34)**

---

THIS MATTER is before the Court on Defendant Aspen Mountain Condominium Association, Inc.'s (the "Association") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (the "Motion") (ECF No. 34), seeking dismissal of Plaintiff J. Lee Browning Belize Trust's (the "Trust") Complaint[1] based on lack of subject matter jurisdiction and failure to state a claim. Upon consideration of the Association's Motion, Plaintiff's Opposition to Defendant Aspen Mountain Condominium Association's Renewed Motion to Dismiss (ECF No. 45), Defendant Aspen Mountain Condominium Association, Inc.'s Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 48), the Court file, the applicable rules and case law, and being otherwise fully advised, the Motion is DENIED for the reasons stated herein.

---

[1] The First Amended Complaint for Declaratory Judgment, Injunctive Relief and Damages (ECF No. 33).

## I.     FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The parties' dispute arises from the Association's amendment of the Condominium Declaration ("Amended Declaration") which covers the Aspen Mountain Condominiums, including condominium Unit 1-A now owned by the Trust. The Amended Declaration resulted in the reallocation of Unit 1-A's ownership interests in the Association's common elements and a corresponding increase in Unit 1-A's share of assessments for common element costs and overall administration expenses. The Association contends its actions were required and allowed by, and consistent with, the Colorado Common Interest Ownership Action ("CCIOA") at C.R.S. § 38-33.3-217, as amended in 2006, and the Amended Declaration.

In response to – or as a result of – the Association's actions, three lawsuits were filed. The first lawsuit was filed in 2010 before the Pitkin County District Court, Colorado, and initiated by plaintiffs not before this Court and against the Association (as well as other defendants not before this Court).[2] A second lawsuit was filed in 2011 before the Pitkin County District Court, and initiated by the Association against the Trust (and others not before this Court). The two Pitkin County District Court actions were consolidated (collectively, the "Pitkin County Action"). At some point in time, the Trust was added as a plaintiff in the first lawsuit.

Not satisfied with two lawsuits, a third action was filed in 2013, this time before this Court. The only plaintiff in this action is the Trust. In addition to the Association, the other defendants were Barbara J. Kelley, Executive Director of the Colorado Department of Regulatory Agencies, Marcia Waters, Director of the Colorado Division of Real Estate, and John Hickenlooper,

---

[2] In support of its request for dismissal under Rule 12(b)(1), based on the theory that the Trust "waived" the right to raise any federal questions before this Court, the Association relies on papers filed or issued in the Pitkin County Action.

Governor of the State of Colorado (collectively, the "State Defendants").[3] The parties previously advised the Court that the Pitkin County Action is pending and have not notified the Court otherwise.[4]

In the first lawsuit, the Trust did not request the Pitkin County District Court to determine the constitutionality of the CCIOA, but did "request that the [Pitkin County District] Court, pursuant to C.R.C.P. 57 enter a Judgment in favor of the Plaintiffs and against the Defendants declaring and adjudging that any election or purported election to opt to apply the Colorado Common Interest Ownership Act ("CCIOA"), C.R.S. § 38-33.3-101, *et seq.* to the operation and conduct of the Aspen Mountain Condominiums and the Aspen Mountain Condominium Association, Inc. be declared null and void…." (ECF No. 34-1, ¶ 35.) And, in support of such request, the plaintiffs in the Pitkin County Action alleged, among other things:

> 33. That the Plaintiffs claim that C.R.S. § 38-33.3-217(1) cannot be interpreted to change the vote required by the original Condominium Declaration, which was created prior to the adoption of such statute, because such interpretation would result in an *ex post facto* law which affects existing property and contract rights in violation of the Colorado and U.S. Constitutions.

(ECF No. 34-1, ¶ 33.)

In the second lawsuit, the Association filed a complaint to, among other things, collect assessments allegedly due and foreclose on its assessment lien. The Trust did not raise any constitutional or civil rights violations as an affirmative defense to such action. (ECF Nos. 34-2, 34-3.)

In the third lawsuit, filed before this Court, the Trust challenges the constitutionality of the 2006 amendment to the CCIOA. Among other things, the Trust contends the increase of its share

---

[3] The State Defendants were dismissed by Order dated September 9, 2015.
[4] In fact, the Association represents the Pitkin County Action matter was set for trial on August 5 and 7, 2014 (ECF No. 48, page 3), but the parties have not advised whether that case was tried or of its current status.

of assessments was made possible by the CCIOA, and constitutes an unlawful taking of the Trust's rights, in violation of the due process and just compensation clause of the Fifth Amendment; the due process clause of the Fourteenth Amendment; and Article I, Section 10, of the Contract Clause of the United States Constitution.  The Trust also contends that the enactment of the amendment to the CCIOA, along with the Association's action in increasing Unit 1-A's assessment share, violates the Trust's rights under 42 U.S.C. § 1983.  Invoking the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331,[5] the Trust seeks declaratory and injunctive relief, as well as damages against the Association.

On January 4, 2013, upon motion filed by the Association (and its board members), the Pitkin County District Court issued an Order determining certain issues as a matter of law.  The constitutionality of the CCIOA, as amended, however, was not raised or decided.  (ECF No. 34-6.)  Nor were there any issues raised or addressed concerning any allegations of civil rights violations.

## II.   STANDARD OF REVIEW

The Association moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### A.  Rule 12(b)(1)

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack.  *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001); *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true.  *Holt,* 46 F.3d at 1002.  By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the

---

[5] The Trust also alleges jurisdiction under 28 U.S.C. § 1367, but it is unclear that any state law claim has been pled.

truthfulness of the complaint's factual allegations." *Id*. at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule 12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.* "Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'" *Marcus v. Kansas Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)).

### B. Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* at 555 (internal citations and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "[A] plaintiff must 'nudge [ ] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could

prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation and quotation omitted; italics in original).

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir. 1998); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (brackets in original).

### III. ANALYSIS

#### A. Subject Matter Jurisdiction

In this case, the Association challenges the facts underlying the Trust's allegations of jurisdiction – a factual attack. The Association contends the Trust has waived its ability to challenge the constitutionality of the CCIOA or any civil rights violations by not raising such issues in the Pitkin County Action; therefore, there is the absence of any federal question upon which subject matter before this Court is based. The Trust's arguments in response are far from clear, stating that: (1) it has submitted no pleading in the Pitkin County Action setting forth a claim for relief on the grounds set forth in the Complaint herein; and (2) due to a vision impairment, the Trust's counsel has been delayed in moving to stay the Pitkin County Action pending a

determination of the constitutional claims raised before this Court. In reply, the Association asserts that the Trust is attempting to obtain a second bite at the apple, and should have raised the civil rights and constitutional arguments in the Pitkin County Action. The parties do not contest that the issues of whether there are any civil rights violations or of the constitutionality of the CCIOA are not – and have not been – raised by any party to the Pitkin County Action.

Generally, under Colorado law, "[a] waiver is an intentional relinquishment of a known right or privilege." *Peterman v. State Farm Mut. Auto. Ins. Co.*, 961 P.2d 487, 497 (Colo. 1998); *Sellers v. Allstate Ins. Co.,* 82 F.3d 350, 352 (10th Cir. 1996). In this case, the Association provides no legal authority to support its contention that the Trust's omission (or failure) to raise civil rights violations or constitutional challenges to the CCIOA in the pending Pitkin County Action waives its ability to raise those issues before this Court. To the extent the Association is arguing claim preclusion, it fails to discuss the requirements for claim preclusion, or how or why it applies to this case. *E.g., Argus Real Estate, Inc. v. E-470 Public Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005) ("Claim preclusion works to preclude the relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not.") To the extent the Association is arguing dismissal under some form of "abstention," again, it fails to discuss the requirements for any form of abstention or whether such requirements are met. *See Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976). As such, the Association's arguments do not support a dismissal under Rule 12(b)(1).

**B. Failure to State a Claim**

The Association also moves to dismiss under Fed. R. Civ. P. 12(b)(6), arguing the Trust fails to state a claim. The Association argues dismissal is appropriate because the Trust: (1) seeks

relief directly contrary to the CCIOA and to *Giguere v. SJS Family Enterprises, Ltd.*, 155 P.3d 462, 469 (Colo. App. 2006); and (2) acquired ownership of Unit 1-A after the amended CCIOA came into effect and after the Association had amended the Condominium Declaration and reallocated ownership interests in the common elements. In support, the Association relies predominately on the findings in the Pitkin County Action and a May 13, 2011, quit claim deed for Unit 1-A from David Francis to the Trust.[6] In response, the Trust contends its allegations sufficiently state a claim under *Iqbal* and *Twombly*, and the constitutionality of Section 217 of the CCIOA was not determined in *Giguere*.

    The Association acknowledges that the Colorado Court of Appeals in *Giguere* did not address the constitutionality of the CCIOA (ECF No. 48, page 3), and the Court so finds. Thus, the *Giguere* court's determination that certain provisions of the CCIOA apply retroactively, without more, does not support the Association's contention that the Trust fails to state a claim. The Association's arguments that the Trust seeks relief directly contrary to the CCIOA, or that certain findings were made in the Pitkin County Action, are similarly unavailing when it is the constitutionality of the CCIOA which the Trust is challenging. Finally, the Association has not shown how the assertion that the Trust took ownership of Unit 1-A subject to the Amended Declaration equates to the failure to state a claim for relief. The Association articulated no legal theory and cited no case law in support of its position. Accordingly, the Association's arguments fail to establish that dismissal under Rule 12(b)(6) is appropriate.[7]

---

[6] The Trust did not challenge the Association's reliance on these papers. The Court assumes, without deciding, this information may be considered for the purposes of this Rule 12(b)(6) motion.

[7] By this determination, the Court is not indicating whether the claims are otherwise sufficient. The Court finds that the Association's arguments fail to establish a failure to state a claim.

## IV. CONCLUSION

Based on the foregoing, it is ORDERED that Defendant Aspen Mountain Condominium Association, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 34) is DENIED.

DATED this 9th day of September, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge