IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 13−cv−03519−RM−MJW

J. LEE BROWNING BELIZE TRUST, BY JUDI B. FRANCIS, Trustee,

    Plaintiff,

v.

ASPEN MOUNTAIN CONDOMINIUM ASSOCIATION, INC., a Colorado Corporation,

    Defendant.

---

**ORDER CERTIFYING MATTER TO THE COLORADO ATTORNEY GENERAL**

---

In this action, among other things, Plaintiff challenges the constitutionality of certain provisions in the Colorado Common Interest Ownership Act ("CCIOA"), C.R.S. § 38-33.3-101 *et seq*. (ECF No. 33.)  By Order dated September 9, 2015 (ECF No. 54), the Court granted Defendants Barbara J. Kelley, Marcia Waters, and John Hickenlooper's (the "State Defendants") Motion to Dismiss and dismissed the State Defendants from this action.  In addition, by Order dated September 9, 2015 (ECF No. 55), the Court denied Defendant Aspen Mountain Condominium Association, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), which sought dismissal of Plaintiff's claims.

Pursuant to § 2403(b) of Title 28 of the United States Code:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, . . . and for argument on the question of constitutionality.

Concomitantly, Fed. R. Civ. P. 5.1 provides that "[t]he court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned." And, under Fed. R. Civ. P. 24(a), "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute…."

In this case, as previously stated, Plaintiff challenges the constitutionality of certain provisions of the CCIOA which affects the public interest. *See* C.R.S. § 38-33.3-102(1)(a) ("The general assembly hereby finds, determines, and declares, as follows: (a) That it is in the best interests of the state and its citizens to establish a clear, comprehensive, and uniform framework for the creation and operation of common interest communities;…."). Upon the dismissal of the State Defendants from this action, neither the State of Colorado nor any Colorado agency, officer, or employee is a party to this action. Accordingly, it is

ORDERED that Plaintiff's challenge to the constitutionality of the Colorado Common Interest Ownership Act is certified to the Colorado Attorney General; and it is

FURTHER ORDERED that the Clerk of this Court shall forward a copy of this Order, the Complaint (ECF No. 33), the September 9, 2015 Orders (ECF Nos. 54 and 55), all certified under seal, to the Colorado Attorney General.

DATED this 9th day of September, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge