**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13‒cv‒03519‒RM‒MJW

J. LEE BROWNING BELIZE TRUST, by JUDI B. FRANCIS, Trustee,

   Plaintiff,

v.

ASPEN MOUNTAIN CONDOMINIUM ASSOCIATION, INC., a Colorado Corporation,

   Defendant.

---

## ORDER

---

This matter is before the Court on two issues: (1) whether Plaintiff J. Lee Browning Belize Trust's claims are barred by claim preclusion; and (2) whether this Court must abstain from hearing this case under *Younger v. Harris*, 401 U.S. 37 (1971).   After considering the Court file, taking judicial notice of relevant portions of the action (the "State Court Action") filed before the Pitkin County District Court (including the State Court Action docket sheets)[1], and examining the relevant legal authorities, and being otherwise fully advised, the Court dismisses without prejudice the First and Second Claims for Relief, retains jurisdiction over the Third Claim for Relief, and administratively closes this case pursuant to D.C.COLO.LCivR 41.2 until the resolution of the State Court Action.

---

[1] *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

## I.     FACTUAL AND PROCEDURAL BACKGROUND[2]

This case challenges the constitutionality of certain provisions of the Colorado Common

Interest Ownership Act ("CCIOA") which allowed Defendant Aspen Mountain Condominium

Association, Inc. ("Defendant" or the "Association") in 2010 to amend the Condominium

Declaration which governs the Aspen Mountain Condominiums (the "Aspen Condos").   Plaintiff

is the owner of one condo unit (the "Unit") in the Aspen Condos.   The amendment resulted in an

increase of the ownership interest of the Unit in the common elements resulting in an increase in

the corresponding obligation of Plaintiff to pay for assessments for common expenses.   Plaintiff

has filed multiple lawsuits over such action, including the State Court Action filed in 2010 and

then, three years later, the action before this Court (the "Federal Action").   On September 8, 2015,

a Judgment and Decree of Foreclosure (the "Judgment") was entered in the State Court Action.

By Orders dated November 10 and December 1, 2015, the Court directed the parties to brief the

effect of the Judgment, provide information concerning the State Court Action, and to brief

various issues, including abstention.   The issues are now ripe for determination.

### A.   The State Court Action

#### 1.   Events before the filing of the case before this Court

On or about June 8, 2010, one or more of Plaintiff's predecessors (Plaintiff and its

predecessors, collectively, "State Plaintiffs") filed the State Court Action in the Pitkin County

District Court, Colorado (the "State Court").   (ECF No. 80-6 at ¶1.)   Thereafter, State Plaintiffs

amended – or moved to amend – their complaint several times.

---

[2] Plaintiff did not dispute the facts as represented by Defendant.   In light of the lack of dispute concerning the filings in or related to the State Court Action, Defendant need not supply copies of additional filings as it has offered to do in its recent paper.   (ECF No. 91.)

On July 12, 2010, a second complaint was filed which was apparently identical to the original complaint.   (ECF No. 80-2, Complaint; No. 80-6 at ¶5.)   There, State Plaintiffs raised five claims, one of which challenged the 2010 amendment of the Declaration.   State Plaintiffs alleged the action was illegal, a breach of the condominium documents, and a breach of fiduciary duty, and sought to have the State Court void such action.   (ECF No. 80-2, at pages 5, 6.)

On July 29, 2010, State Plaintiffs sought to amend their complaint to add an additional party plaintiff.   That motion was denied without prejudice with leave to renew.   (ECF No. 80-6.)

On March 14, 2011, State Plaintiffs moved to amend their complaint, which was unopposed by Defendant.   (ECF No. 80-7.)   The motion was apparently granted as, on March 28, 2011, State Plaintiffs filed their Second Amended Complaint raising six claims for relief.   (ECF No. 80-3.)   The Second Claim requested declaratory relief, alleging, among other things, "[t]hat the Plaintiffs claim that C.R.S. § 38-33.3-217(1) cannot be interpreted to change the vote required by the original Condominium Declaration, which was created prior to the adoption of such statute, because such interpretation would result in an *ex post facto* law which affects existing property and contract rights in violation of the Colorado and U.S. Constitutions."   (ECF No. 80-3, ¶ 33.)   State Plaintiffs sought a declaration that the Association's election to apply the CCIOA was null and void but no declaration that the CCIOA was unconstitutional.

On September 13, 2011, State Plaintiffs filed an unopposed motion to add J. Lee Browning Belize Trust (Plaintiff before this Court) as a party.[3]

---

[3] Defendant represented that, in the State Court Action, a Third-Party Complaint was filed against Defendant relating to insurance proceeds concerning the Unit, and that complaint was ultimately dismissed.

On November 8, 2012, State Plaintiffs filed a motion for leave to file a derivative complaint on behalf of Defendant relating to the 2010 amendment of the Declaration, but later withdrew it.

By Order dated January 4, 2013, the State Court determined as a matter of law that the provisions of the CCIOA at issue: (1) nullified the provision in the Declaration requiring an 85% approval vote in order to amend the Declaration; and (2) nullified the provision in the Declaration requiring a 100% approval vote to change the percentage interest of a unit owner's interest in the common elements.   (ECF No. 88, page 9.)   Also in the order, the State Court noted State Plaintiffs represented they were going to file an amended pleading to "add parties, assert new causes of action, and change the posture of the case," but had not done so.   (ECF No. 88 at ¶¶ 17, 18.)

On August 12, 2013, State Plaintiffs, purporting to act on behalf of Defendant, filed an action in the County Court, Pitkin County, Colorado, Case No. 2013C30039, against individual board members of Defendant, relating to a claim for insurance proceeds allegedly covering damage to the Unit.   (ECF No. 80-9.)   That action was consolidated with the State Court Action. (ECF No. 80-14, ¶ 6.)

On December 12, 2013, State Plaintiffs, again purporting to sue on behalf of Defendant, filed yet another action, this time in the Pitkin County District Court, Colorado, Case No. 2013CV30135.   That action was against certain board members and others, again related to a dispute over insurance proceeds for damages allegedly sustained by the Unit.   (ECF No. 80-11.)

On December 19, 2013,[4] State Plaintiffs filed a "Report by Counsel for Plaintiff," stating to the State Court that "we have exhausted state remedy" and can initiate a federal declaratory judgment action to determine whether the CCIAO provisions at issue are unconstitutional.   (ECF No. 80-4, page 4.)   The Report stated that about a year ago, *i.e.*, in 2012, State Plaintiffs had "suggested" to the State Court and other counsel this "step" – initiating a federal action – would be likely.

The action before this Court was thereafter filed December 31, 2013.

**2.   Events which occurred after the filing of the action before this Court**

On May 13, 2014, State Plaintiffs filed yet another lawsuit against Defendant.   This time, the action was before the Pitkin County Small Claims Court, Case No. 14S18.   They again alleged there were improper assessment charges albeit based on assertions that annual budgets adopted by Defendant were invalid.   (ECF No. 80-12.)

Six days later, on May 19, 2014, Plaintiff filed another lawsuit in the Pitkin County Small Claims Court, Case No. 14S19, but against the directors of Defendant for breach of fiduciary duty. (ECF No. 80-13.)   Although unclear, it appears also to be related to alleged improper use of assessments and/or use of insurance proceeds to offset assessments.

On June 27, 2014, the State Court issued an order in response to Defendant's motion seeking a forthwith order to preclude State Plaintiffs from filing any other action against Defendant, its board members, and others who help run the Association.   The State Court declined to rule on the motion on a forthwith basis, instead deferring a ruling until the briefing was

---

[4]The Certificate of Service is dated September 19, 2013, but the Report was filed December 19, 2013 (ECF No. 80, page 3 n.2; No. 80-4, page 1).

5

completed.   (ECF No. 80-14.)   Defendant represents the State Court never issued a final ruling

on the forthwith motion.   (ECF No. 80, page 7.)

On July 31, 2014, in the State Court Action, State Plaintiffs filed a "submission" in

advance of a status conference, discussing the possibility of withdrawing the claims before this

Court and filing them in the State Court Action or in yet another state action.   (ECF No. 80-5.)

On October 13, 2014,[5] in the State Court Action, State Plaintiffs filed a motion to recuse

(the "Motion for Recusal") all regular sitting judges of the Ninth Judicial District and for a change

of venue to the District Court of Eagle County.   (ECF No. 80-15.)   In the Motion for Recusal,

State Plaintiffs advised the State Court of the pending Federal Action challenging the

constitutionality of the CCIOA, and further advised "this writer [State Plaintiffs' attorney] will, in

coming days, file a motion for leave to join additional parties (the State of Colorado and its

officers) and to present a Supplemental and Amended Complaint" in order to resolve all matters

with all parties in one action.   (ECF No. 80-15, pages 4, 5.)   Plaintiff never did so.

Instead, on January 5, 2015, State Plaintiffs filed a "Suggestion of Lack of Subject Matter

Jurisdiction…" (the "Suggestion") (ECF No. 88-1.)   In that filing, among other things, State

Plaintiffs argued the State Court lacked subject matter jurisdiction due to the alleged

unconstitutionality of the CCIOA provisions at issue.   By Order dated February 3, 2015, the

Suggestion was denied without specifically addressing State Plaintiffs' argument.   (ECF No.

88-2.)

On April 22, 2015, State Plaintiffs sought to amend the State Court Action complaint,

seeking to add a claim for breach of fiduciary duty, declaratory and equitable relief, and additional

---

[5] The Certificate of Service is dated October 13, *2013*, but the body of the Motion for Recusal states the date is October 13, *2014*.   (ECF No. 80-15, pages 1, 10, 13.)

6

damages.   (ECF No. 88-3; No. 80-16, page 1.)   Defendant opposed that motion.   By order dated June 8, 2015, the State Court denied the motion, finding the amendment came too late.   In reaching its decision, the State Court recited that State Plaintiffs filed at least six motions to amend the complaint and, thus, "clearly kn[e]w how to amend a complaint to add new claims and should have moved to amend the complaint to add the requested claims before now."   (ECF No. 80-16, page 2.)

After a bench trial, on September 8, 2015, the State Court entered the Judgment in favor of Defendant and against State Plaintiffs.   (ECF No. 69-1.)   In the Judgment, the State Court found State Plaintiffs failed to pay all assessments and that Defendant properly asserted a statutory assessment lien on the Unit, all in accordance with the terms of the Declaration.   Accordingly, the State Court ordered the assessment lien be foreclosed on and the Unit be sold.   By Order dated December 30, 2015, however, upon motion filed by State Plaintiffs, the State Court stayed execution of the Judgment and the sale pending State Plaintiffs' appeal of the Judgment.   (ECF No. 85-1.)

State Plaintiffs' appeal of the Judgment to the Colorado Court of Appeals was filed on October 21, 2015 (ECF No. 74-3).   In addition to appealing the Judgment, appeals were also taken of orders awarding attorney's fees and the June 8, 2015, Order denying State Plaintiffs leave to amend to add a claim for breach of fiduciary duty and additional damages.   (ECF No. 74-3, pages 5, 9.)   The February 3, 2015, Order denying the "Suggestion" concerning the State Court's lack of subject matter jurisdiction due to the alleged unconstitutionality of the CCIOA, however, was not included in the matters being appealed.   The appeal remains pending.

### B.  The Federal Court Action

As stated, the action before this Court was filed on December 31, 2013, during the pendency of the State Court Action.   The complaint asserts three claims.   As originally filed, the complaint also included three state defendants ("State Defendants").   The State Defendants moved to dismiss based on Eleventh Amendment immunity and the *Younger* abstention doctrine. The Court dismissed State Defendants based on the Eleventh Amendment and never reached the *Younger* issue now before the Court.   (ECF No. 54.)

### II.     ANALYSIS

### A.  *Younger* Abstention

Defendant argues that dismissal without prejudice is appropriate under *Younger* abstention if this Court does not otherwise dismiss this action with prejudice based on claim preclusion.   But, "*Younger* abstention is jurisdictional,"[6] and if this Court lacks "jurisdiction over a claim[, it] moots any other challenge to the claim, including a different jurisdictional challenge."   *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228-29 (10th Cir. 2004).   Thus, the Court addresses this issue at the outset.

The *Younger* doctrine "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."   *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).   Under *Younger*, "[e]ven when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to

---

[6] *Cf. D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1230 n.8 (10th Cir. 2013) (The "abstention doctrine is one under which a District Court may decline to exercise or postpone the exercise of its jurisdiction….This differs from a case in which the district court is barred at the outset from exercising its jurisdiction.") (quotation marks and citation omitted).

abstain when a federal-court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests." *D.L.*, 392 F.3d at 1227-28.   In addition:

> Another important reason for abstention is to avoid unwarranted determination of federal constitutional questions.   When federal courts interpret state statutes in a way that raises federal constitutional questions, 'a constitutional determination is predicated on a reading of the statute that is not binding on state courts and may be discredited at any time—thus essentially rendering the federal-court decision advisory and the litigation underlying it meaningless.'

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987) (quoting *Moore v. Sims*, 442 U.S. 415, 428 (1979)).   Thus, "federal courts should not 'interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—' when a state forum provides an adequate avenue for relief." *Weitzel v. Dep't of Commerce of State of Utah*, 240 F.3d 871, 875 (10th Cir. 2001) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)).

The *Younger* doctrine can apply to state-court civil proceedings, and to requests for declaratory or injunctive relief as well as claims for monetary relief.   *D.L.*, 392 F.3d at 1228. While dismissal without prejudice is appropriate for claims for declaratory or injunctive relief, claims for monetary relief are generally stayed "until the state proceeding is final." *D.L.*, 392 F.3d at 1228.

Whether *Younger* applies involves a three-part inquiry: (1) is there an ongoing state judicial proceeding; (2) do the proceedings implicate important state interests; and (3) is there an adequate opportunity in the state proceedings to raise the constitutional challenge.   *Middlesex*, 457 U.S. at 432 ("The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims.") (internal quotation marks, alterations, and citation

omitted); *Weitzel*, 240 F.3d at 875.   In this case, Plaintiff concedes Defendant's position concerning the application of the *Younger* abstention and agrees the "mechanical application" of Tenth Circuit decisions would result in the dismissal of this action without prejudice, but appears to argue that abstention is nonetheless inappropriate.   Plaintiff appears to argue Defendant's and/or Court's alleged actions somehow rendered Plaintiff unable to fully and fairly litigate the issues presented in this Court in a state forum.[7]   The burden is on the federal plaintiff to show its inability to do so, *see Pennzoil*, 481 U.S. at 14, but Plaintiff has not met its burden.

Plaintiff appears to fault Defendant for allegedly opposing Plaintiff's motions to amend in the State Court Action, but the record shows fault, if any, lies with Plaintiff.   While it is clear that Defendant did oppose one or more amendments, it is equally clear that Plaintiff never moved to amend the State Court Action to include a constitutional claim before (or after) the filing of the Federal Action, even though the State Court Action had been pending for five years before it was tried to the State Court.   It is also clear that despite professing concerns about Defendant's objection – or anticipated objection – to any amendment to the State Court Action complaint, Plaintiff nonetheless filed motions to amend its complaint to add *other* parties or claims, before and after filing the Federal Action.   Moreover, Plaintiff's Suggestion was an apparent attempt to prevail on its claims by asserting the constitutional infirmity of Defendant's action, the denial of which Plaintiff is not challenging on appeal of the State Court Action.   On this record, Plaintiff's contention that it was unable to raise the constitutional issue before the State Court due to some action by Defendant is specious.   It was Plaintiff who made no credible effort in the State Court to secure the relief it seeks before this Court.[8]

---

[7] In light of Plaintiff's concession, the Court need not address the other two inquiries under *Younger*.

[8] Plaintiff's contention that Defendant could have filed a state declaratory judgment action to litigate the

Equally unavailing is Plaintiff's contention that any inability to raise the constitutionality issue before the State Court is due to the timing of this Court's Order on pending motions, issued one day after the State Court entered its Judgment.[9]   As previously stated, Plaintiff[10] filed the State Court Action more than three years before it filed the action before this Court, and filed *other* state court proceedings directed against the assessments.   Plaintiff notified the State Court it intended to raise the constitutional issue but never did so.   In short, the issue was not raised before the State Court not because of Plaintiff's "inability" but, rather, because of its "inactivity." Plaintiff's failure to raise the constitutionality issue before the State Court – whether it be due to an informed decision or otherwise – is of its own making.

Plaintiff's argument that, in light of the pending appeal, any dismissal or abstention in this forum would preclude any amendment in the State Court Action is wanting.   Plaintiff cites no legal authority which obviates the application of *Younger* on this basis.   Instead, case law supports the application of *Younger* even if abstention would result in the inability to now raise the federal claims, where the federal plaintiff was not foreclosed from doing so in his initial filings in the state court.   *Leatherwood v. Whetsel*, 537 F. App'x 794, 796 (10th Cir. 2013).   Plaintiff took that risk when it did not raise the issue in the State Court Action (or in any other state court action) in the first instance – starting in 2010 when the State Court Action was first filed.   Accordingly, where there is no showing of "extraordinary circumstances," the Court finds abstention under *Younger* is required.   *Weitzel*, 240 F.3d at 875 ("*Younger* abstention in non-discretionary.") (quotation marks and citation omitted).

---

constitutionality of the CCIOA is disingenuous when it is Plaintiff who seeks to challenge the statute.
[9] The parties did not notify the Court of the status of the State Court Action.   Instead, upon receipt of the Judgment attached to the Answer to the Amended Complaint, the Court issued an order directing the parties to provide a status report of the State Court Action.   (ECF No. 69, 72.)
[10] Or its predecessor(s)-in-interest.

### B.   *Pullman* Abstention

Plaintiff argues the Court should apply the *Pullman* abstention doctrine instead of the *Younger* doctrine, and to certify the issue of the constitutionality of the CCIOA provisions to the Colorado Supreme Court.[11]   However, as previously stated, "*Younger* abstention is non-discretionary; the district court *must* abstain once the conditions are met, absent extraordinary circumstances."   *Weitzel,* 240 F.3d at 875 (internal quotation marks and citation omitted; italics added).

Moreover, Plaintiff fails to show that *Pullman* abstention applies.   Under *Pullman* "a federal court may, and ordinarily should, refrain from deciding a case in which state action is challenged in federal court as contrary to the federal constitution if there are unsettled questions of state law that may be dispositive of the case and avoid the need for deciding the constitutional question."   17A Charles Alan Wright et al., Federal Practice and Procedure § 4242 (3d ed. 2007). "*Pullman* abstention is appropriate when: '(1) an uncertain issue of state law underlies the federal constitutional claim; (2) the state issues are amenable to interpretation and such an interpretation obviates the need for or substantially narrows the scope of the constitutional claim; and (3) an incorrect decision of state law…would hinder important state law policies.'"   *Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1118-9 (10th Cir. 2008) (quoting *Lehman v. City of Louisville*, 967 F.2d 1474, 1478 (10th Cir. 1992)) (ellipsis in original).   Such factors have not been shown.

---

[11] The parties were ordered to file simultaneous briefs on various issues but, due to extensions of time granted to Plaintiff, Plaintiff's papers were filed subsequent to Defendant's submissions.   Due to this timing difference, Plaintiff was able to address matters raised in Defendant's response but states Defendant should be given an opportunity to essentially file a surreply to Plaintiff's reply.   In light of Plaintiff's failure to show that *Pullman* abstention should be applied rather than *Younger* abstention, no further briefing by Defendant is necessary.

### C.  Claim Preclusion

In light of the Court's determination that *Younger* abstention is appropriate, it cannot decide the issue of whether claim preclusion applies where there is a pending appeal.   *See D.L.*, 392 F.3d at 1229 (finding a determination that the district court lacked jurisdiction over a claim moots any other challenge to the claim).

### III.    CONCLUSION

Based on the foregoing, it is **ORDERED**

(1)  That Plaintiff's First and Second Claims for Relief for declaratory and injunctive relief, respectively, are **DISMISSED WITHOUT PREJUDICE**; and

(2)  That the Clerk of the Court shall **ADMINISTRATIVELY CLOSE** this action, with the remaining Third Claim for Relief for damages, subject to reopening for good cause after all appeals of the State Court Action are concluded, through the exhaustion of all appeals or the lapse of time for any further appeal, as the case may be.

DATED this 21st day of January, 2016.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

13